UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DŌTERRA HOLDINGS, LLC, a Utah limited liability company; and DŌTERRA INTERNATIONAL, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBJOH78, a person or business entity of unknown type; and KIMBERLY JOHNSON, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY (DOC. NO. 19)**<br><br>Case No. 2:22-cv-00570<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs dōTERRA Holdings, LLC, and dōTERRA International, LLC, filed a motion for leave to conduct discovery.[1] dōTERRA alleges defendant Kimberly Johnson infringed dōTERRA trademarks by selling, advertising, and distributing counterfeit dōTERRA Deep Blue® Rub on eBay through the "kimbjoh78" eBay member account.[2] Following service of process, Ms. Johnson failed to answer or defend the matter and, on March 27, 2023, a default certificate was entered against her.[3] dōTERRA now seeks leave to conduct discovery following the entry of default against Ms. Johnson.[4]

dōTERRA wishes to use this discovery to "issue subpoenas to nonparties necessary to gather evidence about [Ms.] Johnson's sale of counterfeit dōTERRA products."[5] dōTERRA hopes to

---

[1] ("Mot.," Doc. No. 19.)

[2] (*Id.* at 2.)

[3] (Clerk's Entry of Default Certificate, Doc. No. 16.)

[4] (Mot., Doc. No. 19.)

[5] (*Id.* at 2.)

1

"determine the full scope of relief it is entitled to recover from [Ms.] Johnson" in anticipation of filing a motion for default judgment against her.[6] dōTERRA's motion[7] is granted because permitting dōTERRA to proceed with discovery advances interests of judicial economy.

Rule 26 of the Federal Rules of Civil Procedure governs the scope and timing of discovery in civil cases. Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless exempted by rules not relevant here "or by court order."[8] Because Ms. Johnson has defaulted, the parties have not conferred as required by Rule 26(f).[9] However, courts have "broad discretion over the control of discovery,"[10] including discretion to permit discovery in absence of a Rule 26(f) conference.[11] Courts regularly allow discovery following entry of default but before entry of a default judgment,[12] because doing so "serves judicial economy by allowing [p]laintiff[s] to be accurate in [their damages] calculations."[13]

Ms. Johnson's failure to respond to dōTERRA's allegations has halted this litigation. It advances interests of judicial economy to permit dōTERRA to move this case forward.

---

[6] (*Id.* at 5.)

[7] (*See generally id.*)

[8] Fed. R. Civ. P. 26(d)(1).

[9] (*See* Clerk's Entry of Default Certificate, Doc. No. 16; Mot. 2, Doc. No. 19); Fed. R. Civ. P. 26(f).

[10] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010).

[11] *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery prior to a Rule 26(f) conference if ordered by the court).

[12] *See Neck Hammock, Inc. v. Bianli Zhang*, No. 2:19-cv-00506, 2020 U.S. Dist. LEXIS 51593, at *2 (D. Utah Mar. 24, 2020) (unpublished) (collecting cases).

[13] *Id.* at *2–3.

Accordingly, dōTERRA's motion for discovery[14] is granted, and dōTERRA may proceed with discovery regarding damages.

DATED this 3rd day of April, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[14] (Doc. No. 19.)